OPINION
{¶ 1} Appellant Crystal DeArment was employed by appellee The Timken Company in 1995 in the Heat Treat Department. The department was predominantly male. During this time, appellant and the other females were forced to change clothes before and after their shift in a make-shift tool crib area, that had openings between shelves, and which did not contain a toilet or a sink. The men in the department had a restroom in which to change.
 {¶ 2} Appellant claimed that she was ridiculed and harassed while she used the make-shift changing facility. She stated at her deposition that men made comments such as, "what color bra do you have on?", and "are you guys naked back there?" She also claimed that she was told that the department was becoming a whorehouse because three women worked there. She also stated that she was told that she was not going to get any "damn help" because she was a woman and had no business being there.
 {¶ 3} On July 20, 1995, appellant was taken to the emergency room after suffering a panic attack. She was diagnosed with anxiety disorder, and was placed on medical leave by appellee's physician. She returned to work in September of 1995 when cleared by the medical department, and was offered a position in the janitorial department.
 {¶ 4} On March 19, 2001, appellant filed an action against appellee in the Cuyahoga County Court of Common Pleas. She dismissed this action, and on May 22, 2001, filed an action in the Stark County Common Pleas Court. That complaint named eight individual plaintiffs, and eighteen defendants. Appellant and appellee were both included among the parties in that case. The action included a number of claims such as sexual discrimination, retaliation, sexual harassment, breach of contract, negligent hiring and retention, disability discrimination, and invasion of privacy. The complaint was removed to federal court which dismissed the complaint without prejudice on October 17, 2001. The dismissal was based on the failure of the plaintiffs to comply with Federal Rule of Civil Procedure 8, requiring a plain, concise statement of all claims.
 {¶ 5} On February 22, 2002, appellant and Lynn Cowles, filed the instant action against appellee asserting claims of sexual discrimination, negligent hiring and retention, disability discrimination, invasion of privacy, and intentional infliction of emotional distress. Cowles dismissed all of her claims against appellee on August 7, 2002. Appellant dismissed the claims for negligent hiring and retention, invasion of privacy, and partially dismissed the claim for intentional infliction of emotional distress.
 {¶ 6} Appellee filed a motion for summary judgment on the remaining claims, arguing that the claims are barred by the statute of limitations, and also that appellee was entitled to judgment as a matter of law on the merits of the claims, as there were no issues of disputed fact. The court granted summary judgment on all remaining claims on November 5, 2002, without stating its reasons.
 {¶ 7} Appellant assigns a single error on appeal:
 {¶ 8} "The trial court erred in granting summary judgment on plaintiff's claim for sex-based discrimination in the heat treat department at timken in 1995 because plaintiff's claims are not time-barred."
 {¶ 9} While appellant's sole argument relates to the issue of the statute of limitations and the savings clause, the court did not state in its judgment entry that summary judgment was granted on that basis. We review summary judgment de novo, standing in the shoes of the trial court, and considering the evidence on the same standard of review as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law, viewing the evidence in light most favorable to the non-moving party. Civ.R. 56(C).
 {¶ 10} Appellant claims error solely regarding the sexual harassment claim. Assuming arguendo that appellant is correct concerning the statute of limitations, the summary judgment entered by the court is appropriate on the merits.
 {¶ 11} To establish a prima facie of hostile environment sexual harassment pursuant to R.C. 4112.02, a party must demonstrate that she is a member of a protected class; she was subjected to unwelcome conduct of a sexual nature; the harassment complained of was based on sex; the claimed harassment has the effect of unreasonably interfering with her work performance, and created an intimidating, hostile, or offensive environment that seriously affected her psychological well-being; and the existence of respondeat superior liability. E.g., Scandinavian Health Spav. Civil Rights Commission (1990), 64 Ohio App.3d 480, 489. However, not all workplace conduct with sexual overtones can be characterized as unlawful harassment. Simple teasing, off-hand comments, and isolated incidents, unless extreme serious, will not amount to discrimination in the terms and conditions of employment. Faragher v. City of Boca Raton
(1998), 524 U.S. 775. The harassment must unreasonably interfere with the plaintiff's work performance and must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so. Brewer v.Cleveland Board of Education (1997), 122 Ohio App.3d 378.
 {¶ 12} Appellant relied upon five comments. According to appellant, the comments made were: (1) "What color bra did you have on?"; (2) "Are you guys naked back there?"; (3) "You have buck scent on you."; (4) You're not going to get any damn help, because you don't belong here"; and (5) a reference to the workplace being a whorehouse. DeArment Dep., volume 2, pages 110-111. She testified that there were a lot of derogatory comments, but the comments fell in these categories.
 {¶ 13} Such statements, as a matter of law, are not severe and pervasive enough to alter the terms and conditions of appellant's employment. While the statements may be inappropriate, they constitute off-hand, isolated comments occurring over a brief period of time, which failed to alter any term or condition of appellant's employment. SeeBurnette v. Tyco (6 Cir. 2000), 203 F.3d 980 (manager's multiple comments over six months and unwelcome reaching inside employee's blouse was not severe and pervasive enough to constitute sexual harassment); Powers v.Ferro Corp. (May 23, 2002), Cuyahoga Appellate No. 79383 (summary judgment appropriate where conduct consisted of commenting on female co-worker's breasts and showing her a questionnaire with explicit sexual conduct).
 {¶ 14} Further, appellant has not demonstrated the fifth element of hostile environment harassment. Appellant must demonstrate that appellee is liable for the comments made in the Heat Treat Department on arespondeat superior theory, which requires demonstrating either that the harassment was committed by a supervisor, or the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take corrective action. Hampel v. FoodIngredients Specialties, Inc., 89 Ohio St.3d 169, 176-77, 2000-Ohio-128. The evidence is undisputed that appellant failed to assert a complaint under appellee's sexual harassment policy, and failed to bring a complaint pursuant to her collective bargaining agreement to her union steward. In July of 1995, appellant had availed herself of these opportunities by reporting alleged sexual harassment by her supervisor, but failed to raise these claims concerning her treatment in the changing facility of the Heat Treat Department. The evidence is undisputed that appellant was placed on medical leave by appellee after suffering an anxiety attack in July of 1995, and was transferred out of the department when she returned to work in September of 1995. As summary judgment was appropriate on the merits of the sexual harassment claim, the court did not err in granting summary judgment.
 {¶ 15} The first assignment of error is overruled.
 {¶ 16} The judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.
By Gwin, P.J., Wise, J., and Boggins, J., concur.