**June A. NICKERSON, Plaintiff–Appellant,**

v.

**John E. POTTER, Postmaster General, Defendant–Appellee.**

No. 03–4255.

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

June A. Nickerson, Cleveland, OH, pro se.

Lynne H. Buck, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

*ORDER*

June A. Nickerson, proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

argument is not needed. Fed. R.App. P. 34(a).

On December 19, 2002, Nickerson filed a complaint against John E. Potter, Postmaster General of the United States Postal Service. Nickerson alleged that she began her employment with the postal service as a letter carrier in November 1994. Nickerson alleged that in June 1996, she was promoted to a clerk stenographer position, and in April or May 2000, she was awarded the permanent position of "Clerk–Stenographer City Operations." Nickerson alleged that, during the course of her employment as a "Clerk–Stenographer City Operations" under the supervision of William P. Jones, III, she was subjected to a hostile work environment and discriminated against because of her female gender. Specifically, Nickerson alleged that Jones "was openly threatening and hostile" toward her and discriminated against her in numerous ways.

Both parties filed motions for summary judgment. The district court denied Nickerson's motion and granted Potter's motion. Nickerson has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant*, 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

Title VII hostile work environment and discrimination claims are analyzed in accordance with the burden-shifting analysis espoused in *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560–61 (6th Cir.1999) (hostile work environment); *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 928–29 (6th Cir.1999) (gender discrimination). The plaintiff must first prove a prima facie case of discrimination. *Burdine*, 450 U.S. at 252–53; *McDonnell Douglas*, 411 U.S. at 802. Once the plaintiff proves a prima facie case of discrimination, the burden shifts to the defendant to produce "some legitimate, nondiscriminatory reason" for the adverse employment action. *Burdine*, 450 U.S. at 253 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant is able to establish a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful discrimination. *See id.*; *McDonnell Douglas*, 411 U.S. at 804.

■ Upon review, we conclude that the district court properly granted summary judgment in favor of Potter. First, Nickerson failed to establish a prima facie case of gender-based hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462–63 (6th Cir.2000); *Williams*, 187 F.3d at 560–61. Nickerson simply alleged that she was subjected to a hostile work environment without providing any evidence to support her allegation. Nickerson also failed to produce any evidence that she was subjected to a hostile work environment because of her gender. *See Bowman*, 220 F.3d at 464; *Williams*, 187 F.3d at 565. In addition, Nickerson failed to demonstrate the existence of a genuine issue of material fact as to whether Jones's alleged actions were sufficiently severe or pervasive so as to create an objectively hostile work environment. *See Harris*, 510 U.S. at 21–23; *Burnett v. Tyco Corp.*, 203 F.3d 980, 984–85 (6th Cir.2000).

■ Second, Nickerson failed to establish a prima facie case of gender discrimi-

nation. *See Jacklyn,* 176 F.3d at 928. Nickerson failed to produce any evidence in support of her gender discrimination claim. Even if Nickerson had produced evidence to support her claim, she failed to raise a genuine issue of material fact regarding whether she was subjected to an adverse employment action affecting the terms and conditions of her employment. *See Hollins v. Atl. Co.,* 188 F.3d 652, 662 (6th Cir.1999). Although Nickerson's allegation of the receipt of a warning letter followed by a fourteen-day suspension, which was subsequently withdrawn, is sufficient to constitute an adverse employment action, *see White v. Burlington N. & Santa Fe Ry. Co.,* 364 F.3d 789, 802 (6th Cir.2004), Nickerson failed to demonstrate that any similarly-situated male employees were treated more favorably. *See Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 353 (6th Cir.1998). Nickerson simply listed 103 male employees whom she claimed were treated more favorably, without any supporting evidence.

Nickerson contends the district court abused its discretion in various rulings. Nickerson forfeited her right to challenge those decisions on appeal because, in her notice of appeal, she designated only the district court's summary judgment decision. *McLaurin v. Fischer,* 768 F.2d 98, 102 (6th Cir.1985) ("If an appellant, however, chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal.") Even if we were to review her claims, we would find them to be meritless.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.