OPINION
{¶ 1} This is an appeal from the granting of summary judgment motion in favor of Appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} While Appellant filed this action with three causes of action asserted, only her claim of sexual harassment in the workplace is subject to this appeal.
 {¶ 3} Appellant was employed for a two-year period in various positions at Appellee's technology center. During this work experience, she asserts that William Dimit, a co-worker, subjected her to sexual harassment creating a hostile work environment.
 {¶ 4} After substantial discovery with depositions, Appellee filed a Civil Rule 56 motion which the trial court sustained.
 {¶ 5} Two Assignments of Error are raised:
 ASSIGNMENTS OF ERROR {¶ 6} "I. DESPITE DALENE CERETT [SIC] TESTIMONY THAT SHE WAS REPEATEDLY CALLED DEROGATORY, INSULTING NAMES BY A CO-WORKER, WILLIAM DIMITT [SIC], SEVERAL TIMES PER WEEK FOR TWO YEARS AND REPORTED THESE STATEMENTS TO MANAGEMENT ON THREE OCCASIONS WITHOUT TIMKEN TAKING ANY ACTION, DID THE TRIAL COURT ERR IN DISMISSING HER SEXUAL COMPLAINT EVEN THOUGH SHE PRESENTED EVIDENCE, THOUGH CONTRADICTED, TO EACH ELEMENT OF A HOSTILE ENVIRONMENT CLAIM BY WAY OF SUMMARY JUDGMENT?
 {¶ 7} "II. IN A HOSTILE ENVIRONMENT SEXUAL HARASSMENT CASE WHERE THE FEMALE EMPLOYEE TESTIFIED BOTH IN DEPOSITION AND AFFIDAVIT IN SUPPORT OF EACH ELEMENT OF HER PRIMA FACIE [SIC], DID THE TRIAL COURT ERRED IN FAILING TO VIEW APPELLANT'S EVIDENCE IN THE MOST FAVORABLE LIGHT AND RATHER GAVE CREDENCE TO THE EVIDENCE OF THE EMPLOYER THAT SHE DIRECTLY CONTRADICTED AS REQUIRED IN A MOTION FOR SUMMARY JUDGMENT AND REEVES V.SANDERSON PLUMBING PRODS., INC., 530 U.S. 133, 151 (2000)?"
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 9} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280.
 {¶ 11} It is based upon this standard we review appellant=s assignments of error.
 I, II {¶ 12} Both Assignments concern discrimination in the workplace based on sex.
 {¶ 13} We shall therefore address both Assignments of Error together, keeping in mind that the primary issue is whether the alleged statements and conduct of Mr. Dimit and asserted failure to act by Mr. Laps created a hostile work environment perceived by Appellant both objectively and subjectively as interfering with her work environment.
 {¶ 14} Revised Code § 4112.02(A) states:
 {¶ 15} "(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
 {¶ 16} Ohio courts have held that hostile environment sexual harassment claims are actionable as a violation of the above statute. See, e.g.: Scandinavian Health Spa v. Civil RightsComm. (1990), 64 Ohio App.3d 480, 489. To establish a primafacie case of hostile environment sexual harassment under R.C. 4112, a party must establish that: (1) he/she is a member of a protected class; (2) he/she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the party=s work performance and creating an intimidating, hostile or offensive working environment that affect seriously the psychological well-being of the party; and (5) the existence of respondeat superior liability. Id. Seealso: Highlander v. K.F.C. Nat'l Management Co. (C.A. 6, 1986),805 F.2d 644, 649; Rabidue v. Osceala Refining Co. (C.A. 6, 1986), 805 F.2d 611; Henson v. Dundee (C.A. 11, 1982),682 F.2d 897.
 {¶ 17} A common law cause of action for sexual harassment is also recognized in Ohio.
 {¶ 18} Appellant=s common law claim was created by the Ohio Supreme Court in Kerans v. Porter Paint Co. (1991),61 Ohio St.3d 486. Therein, the Court held:
 {¶ 19} "Where a plaintiff brings a claim against an employer predicated upon allegations of workplace sexual harassment by a company employee and where there is evidence in the record suggesting that the employee has a past history of sexually harassing behavior about which the employer knew or should have known, summary judgment may not be granted in favor of the employer, even where the employee=s actions in no way further or promote the employer=s business."
 {¶ 20} Although Kerans, supra, creates the common law tort of sexual harassment, it does not clearly define the elements of this cause of action. Consequently, courts interpreting and applying Kerans, supra, have adopted the elements of sexual harassment developed under Title VII by the federal courts. See:Barney v. Chi Chi's (1992), 84 Ohio App.3d 40. Under this analysis, a party is required to set forth the prima facie case of statutory sexual harassment set forth above and point to evidence in the record suggesting a past history of sexual harassment about which the employer knew or should have known. Applied in Thompson v. Western Auto Supply Co., Delaware App. No. 95CAE5030, unreported.
 {¶ 21} Ohio, in considering violations of such statute, follows Federal regulations and cases concerning claims of violations of Title VII of the Civil Rights Act of 1964, as amended. Little Forest Med. Ctr. V. Ohio Civ. Rights Comm.
(1991), 61 Ohio St.3d 607.
 {¶ 22} The United States Supreme Court has stated that a "plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment. Meritor Savings Bank, FSB, Petitioner vs. MechelleVison, et al. (1986), 477 U.S. 56, 1206 S.Ct. 2399.
 {¶ 23} "For sexual harassment to be actionable, it must be sufficiently severe or pervasive `to alter the conditions of [the victim's] employment and create an abusive working environment." Id.
 {¶ 24} Also, "(1) to be actionable under Title VII as `abusive work environment' harassment, the conduct need not seriously affect an employee's psychological well-being or lead the employee to suffer injury; (2) the Meritor standard requires an objectively hostile or abusive environment as well as the victim's subjective perception that the environment is abusive; and (3) whether an environment is sufficiently hostile or abusive to be actionable requires consideration of all the circumstances, not any one factor." Harris v. Forklift Systems,Inc. (1993), 510 U.S. 17.
 {¶ 25} Again, in Faragher v. City of Boca Raton (1998),524 U.S. 775, the United States Supreme Court stated:
 {¶ 26} "(I)n order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. Harris v. Forklift Systems, Inc. (1993),510 U.S., at 21-22, 114 S.Ct., at 370-371. We directed courts to determine whether an environment is sufficiently hostile or abusive by `looking at all the circumstances', including the `frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id., at 23, 114.S.Ct., at 371."
 {¶ 27} Federal regulations provide in C.F.R. § 1604.11:
 {¶ 28} "(a) Harassment on the basis of sex is a violation of section 703 of title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.
 {¶ 29} "The principles involved here continue to apply to race, color, religion or national origin.
 {¶ 30} "(b) In determining whether alleged conduct constitutes sexual harassment, the Commission will look at the record as a whole and at the totality of the circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred. The determination of the legality of a particular action will be made from the facts, on a case by case basis.
 {¶ 31} "(c) [Reserved]
 {¶ 32} "(d) With respect to conduct between fellow employees, an employer is responsible for acts of sexual harassment in the workplace where the employer (or its agents or supervisory employees) knows or should have known of the conduct, unless it can show that it took immediate and appropriate corrective action.
 {¶ 33} "(e) An employer may also be responsible for the acts of non-employees, with respect to sexual harassment of employees in the workplace, where the employer (or its agents or supervisory employees) knows or should have known of the conduct and fails to take immediate and appropriate corrective action. In reviewing these cases the Commission will consider the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees.
 {¶ 34} "(f) Prevention is the best tool for the elimination of sexual harassment. An employer should take all steps necessary to prevent sexual harassment from occurring, such as affirmatively raising the subject, expressing strong disapproval, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment under title VII, and developing methods to sensitize all concerned.
 {¶ 35} "(g) Other related practices: Where employment opportunities or benefits are granted because of an individual's submission to the employer's sexual advances or requests for sexual favors, the employer may be held liable for unlawful sex discrimination against other persons who were qualified for but denied that employment opportunity or benefit."
 {¶ 36} The Ohio Supreme Court has also spoken on the subject of such harassment.
 {¶ 37} In Hampel v. Food Ingredients Specialties, Inc.
(2000), 89 Ohio St.3d 168, the court held:
 {¶ 38} "(1) `quid pro quo' harassment, i.e., harassment that is directly linked to the grant or denial of a tangible economic benefit, or (2) `hostile environment' harassment, i.e., harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment."
 {¶ 39} This Court, after examining the Federal and Ohio cases in DeArment v. The Timken Company, Stark App. 5th No. 2002CA00409, 2003-Ohio-1792, discussed the alleged conduct and found insufficient conduct, while offensive, constituting a hostile work environment.
 {¶ 40} In such case this Court stated:
 {¶ 41} "Appellant relied upon five comments. According to appellant, the comments made were" (1) `What color bra did you have on?'; (2) `Are you guys naked back there?'; (3) `You have buck scent on you'; (4) `You're not going to get any damn help, because you don't belong here'; and (5) a reference to the workplace being a whorehouse. DeArment Dep., volume 2, pages 110-111. She testified that there were a lot of derogatory comments, but the comments fell in these categories.
 {¶ 42} "* * *
 {¶ 43} "Such statements, as a matter of law, are not severe and pervasive enough to alter the terms and conditions of appellant's employment. While the statements may be inappropriate, they constitute off-hand, isolated comments occurring over a brief period of time, which failed to alter any term or condition of appellant's employment. See Burnette v.Tyco (6 Cir. 2000), 203 F.3d 980 (manager's multiple comments over six months and unwelcome reaching inside employee's blouse was not severe and pervasive enough to constitute sexual harassment); Powers v. Ferro Corp. (May 23, 2002), Cuyahoga Appellate No. 79383 (summary judgment appropriate where conduct consisted of commenting on female co-worker's breasts and showing her a questionnaire with explicit sexual conduct).
 {¶ 44} "To establish a prima facie of hostile environment sexual harassment pursuant to R.C. 4112.02, a party must demonstrate that she is a member of a protected class; she was subjected to unwelcome conduct of a sexual nature; the harassment complained of was based on sex; the claimed harassment has the effect of unreasonably interfering with her work performance, and created an intimidating, hostile, or offensive environment that seriously affected her psychological well-being; and the existence of respondeat superior liability. E.g., ScandinavianHealth Spa v. Civil Rights Commission (1990),64 Ohio App.3d 480, 489, 581 N.E.2d 1169. However, not all workplace conduct with sexual overtones can be characterized as unlawful harassment. Simple teasing, off-hand comments, and isolated incidents, unless extreme serious, will not amount to discrimination in the terms and conditions of employment.Faragher v. City of Boca Raton (1998), 524 U.S. 775,118 S.Ct. 2275, 141 L.Ed.2d 662. The harassment must unreasonably interfere with the plaintiff's work performance and must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so. Brewer v. Cleveland Board ofEducation (1997), 122 Ohio App.3d 378, 701 N.E.2d 1023."
 {¶ 45} This case essentially rests on the court's determination that Appellant had failed to establish, in response to the Civ. R. 56 motion, the element that the alleged conduct and actions of Mr. Dimit rose to the level of such severity as to create a hostile work environment and the responses by Appellant to such were not so perceived.
 {¶ 46} We note that several of the asserted comments by Mr. Dimit, who was not a supervisor, were to other co-workers who were neither deposed nor provided by affidavits in support thereof.
 {¶ 47} The trial court noted:
 {¶ 48} "Cerett alleges that Dimit's conduct and comments began in December 2000, but Cerett did not try to file a formal complaint under Timken's complaint procedures, other than making vague references about Dimit's harassment to Laps, until December 2003 or January 2004. When Laps discussed the confrontation between Cerett and Dimit and asked Cerett if she needed to be separated from Dimit, Cerett stated that she did not think that was necessary at all. Finally, Cerett applied for and was offered a new position/promotion in Customer Service Department in Downtown Canton — a position that would pay more, be in a department that she preferred away from Dimit and Laps. She declined the position."
 {¶ 49} The trial court, as supported by Appellant's deposition, indicates that notwithstanding the asserted complaints, Appellant was asked if it was necessary to separate her from Mr. Dimit and she responded in the negative. Tr. Vol. 1, p. 167, 170.
 {¶ 50} The deposition also indicates that many of the comments of Mr. Dimit upon which Appellant's lawsuit is based were from others, rather than from personal knowledge. Tr. Vol. 1, 170, 150, 120-121.
 {¶ 51} In addition, Appellant was offered a position as customer service coordinator at a different location at an increase in earnings which would have removed her from the claims of sexual harassment, which she refused. Tr. Vol. 1, p. 188-193.
 {¶ 52} We must agree with the trial court that the conduct of Appellant does not substantiate the necessary element that the alleged conduct of Mr. Dimit created a hostile work environment which interfered with her job performance and which was viewed in such way both objectively and subjectively by Appellant.
 {¶ 53} Assignments of Error One and Two are denied.
 {¶ 54} The judgment of the Stark County Court of Common Pleas is affirmed
By: Boggins, J. Farmer, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.