NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0053n.06

No. 10-3158

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 13, 2012*

LEONARD GREEN, Clerk

DAVID DESPAROIS,                                    )
                                                    )
        Plaintiff-Appellant,                        )        ON APPEAL FROM THE
                                                    )        UNITED STATES DISTRICT
                v.                                  )        COURT FOR THE NORTHERN
                                                    )        DISTRICT OF OHIO
PERRYSBURG      EXEMPTED                            )
VILLAGE SCHOOL DISTRICT, et                         )
al.,                                                )
                                                    )
        Defendants-Appellees.                       )

_____

**Before: BOGGS and MCKEAGUE, Circuit Judges; GOLDSMITH, District Judge.**[*]

**GOLDSMITH, District Judge.** In this constitutional civil rights case, Plaintiff David

Desparois appeals following district court orders (i) granting Defendants' motion for summary

judgment, (ii) denying Desparois's summary judgment motion, and (iii) dismissing Desparois's

second amended complaint. We **AFFIRM**.

## FACTS AND PROCEDURAL HISTORY

**I.      Facts**

        Plaintiff David Desparois was a bus driver for the Perrysburg Exempted Village School

District. Defendants are the school district and its superintendent, business manager, and board

members (together, "Perrysburg").

_____

[*]The Honorable Mark A. Goldsmith, United States District Judge for the Eastern District of
Michigan, sitting by designation.

Desparois's duties included driving students to and from the Islamic School, a private school in Perrysburg. In May 2007, the principal of the Islamic School contacted the area coordinator for the Ohio Department of Education to report allegations that Desparois had acted inappropriately toward two female students, one of whom rode on his bus. Specifically, a sixth-grade student who rode Desparois's bus stated that Desparois had stopped by her school during recess on his motorcycle, asked her if she was riding the bus home that day, asked her if she thought it would be fun if he picked her up on his motorcycle instead of the school bus, and told her that when he passes by her house on his motorcycle she is never outside. Desparois also allegedly asked the student one time if she wanted to go around the block instead of getting off the bus at her stop. Another student reported that Desparois had asked her to go to the movies with him and asked her to be his girlfriend.

The allegations were reported to Richard Jones, the business manager of the school district. Jones obtained the first student's handwritten note describing her allegations, along with two e-mails from the Islamic School's principal describing all of the allegations.

Desparois was informed by letter, on May 21, 2007, that there would be a meeting the next day, in Jones's office, and that he should bring a union representative. He and his union steward, Jackie Bell, first saw the note and e-mails at the May 22 meeting. The parties disagree on what Desparois knew about the meeting beforehand. Desparois contends that he was told nothing, except that Jones had "mentioned that it had something to do with [one of the Islamic School students]." Desparois Dep. at 96 (R. 28-1); Appellant's Br. at 7-8. Perrysburg maintains that, in addition, superintendent Michael Cline spoke with Desparois and informed him that the allegations against him were "very serious." Cline Dep. at 34 (R. 27-1); Appellees' Br. at 4.

Desparois, Jones, and Bell attended the meeting. Jones explained the allegations to Desparois and gave Desparois the e-mails and handwritten note. Desparois was not given the opportunity to present witnesses, but he was permitted time to read the documents and to respond. According to Desparois, he did make most of the statements attributed to him, but his statements were taken out of context and he was joking. As the hearing ended, Jones told Desparois that he was being placed on paid leave pending completion of an investigation.

The school district asked the Perrysburg Police Department to conduct an investigation. After the police investigation (including an interview with Desparois) was complete, Perrysburg received the police report. On June 11, 2007, Jones sent Desparois a letter, along with a copy of the police report, stating that "based on the findings contained in the attached police report you are hereby being issued a Notice of Termination effective immediately." The decision to terminate was made by Jones and the school district's executive director of personnel and human resources, apparently after they conferred with the school district's attorney.

On June 13, 2007, Desparois sent Jones, Cline, and the members of the school district board a request that he "receive a hearing or meeting with all concerned so I have a chance to be heard before any action by the board concerning my termination is taken." That same day, Desparois filed a grievance to appeal his termination, pursuant to the collective bargaining agreement between his union and the school district.

On June 18, 2007, the school district held its regular board meeting. Before the meeting, Desparois had learned from a friend that the board would address his termination at the meeting.

Desparois did not attend the meeting, nor did anyone speak on his behalf.[1]  During the executive session of the meeting, which was attended by Superintendent Cline and the board members, the board was informed about the police investigation and briefed by its legal counsel.  Cline recommended, based on the advice of the board's counsel, that Desparois be terminated.  The board approved Cline's recommendation.[2]

In July 2007, a hearing was held on Desparois's grievance, and it was denied.  Desparois then pursued arbitration.  The February 2008 arbitration proceeding was similar to a trial in that both parties presented a case-in-chief and called witnesses,[3] witnesses were sworn and subject to cross-examination, the parties submitted exhibits, the proceedings were transcribed, and the parties submitted post-hearing briefs.  In a written opinion, the arbitrator denied Desparois's grievance and upheld the termination of his employment for just cause.  Although there was apparently some sort

---

[1] Desparois maintains that he was not permitted to attend the meeting because he was prohibited from having any contact with any Perrysburg school facility.  Desparois also contends that, on the advice of the superintendent, he told his supporters not to attend the meeting, leaving no one to speak on his behalf.  Appellant's Br. at 14-15.  Perrysburg responds that, although Jones's June 2007 letter instructed Desparois not to have contact with district property, following receipt of that letter Desparois had twice been on district property regarding his employment, receiving official permission from the superintendent one of those times.  In addition, Perrysburg contends that Desparois told the superintendent that he could have his supporters "storm" the meeting, and the superintendent told Desparois that was a bad idea.  Appellees' Br. at 7.

[2] Although it may seem redundant that the board "terminated" Desparois after he had already received a notice of termination from Jones, it appears that the school district was acting pursuant to Ohio Rev. Code § 3319.04, which provides that a school district's business manager may discharge non-educational employees subject to the board's confirmation.

[3] Desparois stated in his deposition that he "did not have the opportunity" to present witnesses at the arbitration.  Upon further questioning, it became clear that Desparois's representative decided not to call other witnesses besides Desparois, a decision with which Desparois was unhappy.  Despite his unhappiness, Desparois did not file a complaint with the union regarding his representative.

of mechanism in place for appealing the arbitrator's decision, Desparois Dep. at 118-20, Desparois did not appeal.

## II.     Procedural History

In July 2008, Desparois sued Perrysburg in the United States District Court for the Northern District of Ohio.  Desparois amended his complaint in January 2009.  The amended complaint alleges two counts – violation of Desparois's right to due process and violation of his right to free speech.  Because Desparois did not oppose summary judgment against him on his free speech claim, only the due process claim is at issue on appeal.  The two bases the amended complaint offers for the due process violation are that Perrysburg (i) did not afford Desparois "a sufficient opportunity to marshal facts and evidence to counter the charges," and (ii) did not provide Desparois with "an opportunity to be heard at the June 18, 2007 Board of Education meeting."

Perrysburg moved for summary judgment on all claims, arguing, *inter alia*, that Desparois had failed to state a claim because he had not pursued the due process claim under 42 U.S.C. § 1983 and that, in any case, the claim was meritless.  In his response, Desparois agreed that his due process claim should have been pled as a violation of § 1983 and requested leave to amend his complaint "so as to meet the technical deficiencies."  With regard to the merits, Desparois argued that Perrysburg had violated his due process rights by (i) not providing him with notice of the allegations against him prior to the May 22 meeting, (ii) not providing him with the police report prior to his termination, (iii) not telling him that he might be terminated as a result of the allegations, (iv) having a decisionmaker (Cline) who did not attend the May 22 meeting, and (v) having the school board deliberate at the June 18 meeting without input by Jones (who had attended the May 22 meeting). Recognizing that these allegations were not included in his amended complaint, Desparois again

requested that the district court allow him to amend. *See* Resp. to Summ. J. Mot. at 14 (R. 35) ("Defendants may also argue that plaintiff's Complaint/Amended Complaint did not sufficiently allege the specifics of the due process violations. To the extent the Amended Complaint is not sufficiently specific, plaintiff moves for leave pursuant to Rule 15 to amend the Complaint.") (internal citations omitted). Perrysburg replied that Desparois was abandoning his original claims and was alleging "five new due process violations," which it argued violated the principle that a plaintiff may not plead new allegations for the first time in a response to a summary judgment motion. In addition, Desparois filed a cross-motion for summary judgment, relying on his response brief to the Perrysburg motion.

In October 2009, the district court issued an opinion granting Perrysburg's motion for summary judgment and denying Desparois's motion for summary judgment. However, with regard to Desparois's request to amend the due process claim to state explicitly that it was a § 1983 claim, the district court granted leave to amend. The court evaluated the matter under Federal Rule of Civil Procedure 15(a) and concluded that Perrysburg demonstrated that it had notice of the § 1983 due process claim because it had already made substantive arguments in those terms against it. The court concluded that "the only issue is whether a technical deficiency exists," and granted the request to amend. With regard to Desparois's five additional allegations, the court "declined to consider [the] newly made allegations." The court did not mention the request to amend as to those claims; instead it noted that Desparois had raised the additional allegations in his response to Perrysburg's summary judgment motion and concluded that "[a] plaintiff may not expand his claims to assert new theories in response to summary judgment."

The district court considered the merits of the two due process claims that Desparois had previously alleged – that Perrysburg did not allow Desparois a sufficient opportunity to marshal facts and evidence to counter the charges, and that Perrysburg had not provided Desparois with an opportunity to be heard at the June 18, 2007 school board meeting – and concluded that Desparois's due process rights were not violated. Specifically, the court determined that Desparois had received all of the notice and opportunity to defend to which he was entitled under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985). The court further concluded that, even if the pre-termination hearing had been inadequate, Desparois's post-termination grievance and arbitration provided Desparois with sufficient due process to meet constitutional requirements, relying on *Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004). The judgment accompanying the opinion (i) granted Desparois "leave to amend his complaint," (ii) granted Perrysburg's motion for summary judgment, (iii) denied Desparois's motion for summary judgment, and (iv) closed the case.

Desparois then filed (without motion) a second amended complaint on October 28, 2009. The complaint did not include the due process claims that Desparois had originally raised, and instead cited as the basis for the due process violation only the five allegations Desparois had advanced in his response to Perrysburg's summary judgment motion. Perrysburg filed a motion to strike (or dismiss) the amended complaint, arguing, *inter alia*, that Desparois had not obtained the necessary permission under Rule 15(a) to add new allegations, and that the district court had already in its prior order declined to allow Desparois to amend to add the new due process arguments.

In December 2009, the district court granted the motion and dismissed Desparois's second amended complaint. The court explained:

I granted leave to plaintiff to amend his complaint to tidy up a minor pleading problem: namely, that plaintiff's original complaint failed to assert that his claims arose under 42 U.S.C. § 1983. In doing so, I was deflecting defendant's contention in its motion for summary judgment that the failure to be specific in that respect entitled it to summary judgment.

My purpose was to concentrate on and adjudicate the merits of the defendant's motion, which the parties had fully briefed.

Plaintiff's amended complaint asserts new causes of action. In my order granting summary judgment to defendant, I made clear he could not assert the new theories he was raising for the first time in his opposition to defendant's motion for summary judgment.

I decline to let him do so now, even though he correctly complains that his new theories have never been adjudicated on the merits.

That is as it should be: the time to raise those theories was in the original complaint, not in the midst of briefing on defendant's summary judgment motion. It simply is way too late for plaintiff now to try to start his case all over again.

I gave the plaintiff (and, more specifically, his attorney) an inch. They now want to go a mile more. Whether I expressly barred that path once, I do so now.

Desparois appealed.

## DISCUSSION

### I. Standard of Review

With regard to the district court's summary judgment order, this Court's review is *de novo*. *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

With regard to the standard applicable to the district court's second order, the correct standard of review depends upon the classification of the court's order. To the extent the order is construed as granting a motion to dismiss, this Court's review is *de novo*. *Frank v. Dana Corp.*, 646 F.3d 954, 958 (6th Cir. 2011). However, if the order is construed as the denial of a motion to amend, review would ordinarily be for abuse of discretion. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th

Cir. 2002). In any case, the precise standard does not make a difference here. Even applying the standard more favorable to Desparois – *de novo* review – Desparois has demonstrated no error below.

**II.     Parties' Arguments**

On appeal, Desparois urges only two of the due process arguments that he raised below: (i) that Perrysburg failed to provide him with a copy of the police report that was referenced in his notice of termination (or inform him of its contents), and (ii) that Perrysburg failed to inform him prior to, or at, the pre-termination meeting that he might be discharged.

Because the district court did not consider these claims on the merits, the threshold question the parties address on appeal is whether the district court acted properly in that regard. Desparois contends that the police-report argument was raised in his first amended complaint, "although not explicitly." He reasons that the failure to give him the police report amounted to Perrysburg not allowing him "a sufficient opportunity to marshal facts and evidence to counter the charges" – a claim that was explicitly presented in the first amended complaint. Concerning the claim that he was not properly informed that he might be discharged, Desparois concedes that the claim was not raised in his first amended complaint, but argues that the district court's effective denial of his request for leave to amend to add this claim was error.

Perrysburg argues that the police-report argument was never raised in the first amended complaint, pointing out that the complaint does not even mention the police report. As to both the police-report claim and the claim that Desparois was not properly informed that he might be discharged, Perrysburg argues that the district court correctly declined to consider these claims, as they were raised for the first time in the opposition to summary judgment.

Because we agree that the district court committed no error in declining to address the merits of the two claims Desparois raises on appeal, the parties' contentions regarding the merits of these two claims are irrelevant.

## III.    Analysis

The scope of this case is significantly narrowed by the limited nature of Desparois's arguments on appeal.[4] Desparois presses only two due process arguments: (i) that Perrysburg failed to provide him with a copy of the police report that was referenced in his notice of termination (or inform him of its contents), and (ii) that Perrysburg failed to inform him prior to or at the pre-termination meeting that he might be discharged. The preliminary question on appeal is whether the district court acted appropriately when it declined to consider the merits of these arguments. We hold that it did.

It is uncontested that neither of the two claims Desparois now raises was explicitly included in the amended complaint that was before the district court at the summary judgment stage. With regard to the first argument, however, Desparois maintains that the failure to provide him with a copy of the police report should be understood as part of the failure to allow him "a sufficient opportunity to marshal facts and evidence to counter the charges." Although Desparois does not state it explicitly, the thrust of this argument is that Desparois did not need to amend the complaint to include his police-report claim, because it was already before the district court in the complaint's existing wording.

---

[4] *See Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006) (issues not raised in appellant's brief are waived on appeal).

We reject this argument. As a preliminary matter, we note that this argument was explicitly raised for the first time on appeal. When Desparois presented the police-report claim to the district court for the first time in his opposition to Perrysburg's motion for summary judgment, Desparois asked for leave to amend "[t]o the extent the Amended Complaint is not sufficiently specific." He did not argue that amendment was not necessary because the police-report claim was included as part of the "sufficient opportunity to marshal facts and evidence" claim. Because this argument was not raised below, the argument is waived. *See In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003).

Even if this Court were to consider the merits of this argument, however, there is ample reason to reject it. The interpretation Desparois offers – that a failure to allow him "a sufficient opportunity to marshal facts and evidence to counter the charges" necessarily includes failing to provide him with a law enforcement report – is far from intuitive. The plain meaning of the allegation is that Desparois was not given enough time to track down evidence that would be helpful to him – not that Perrysburg failed to affirmatively provide him with a document. Notably, the single fact upon which this allegation rests – that Desparois did not receive a copy of the police report – was not included anywhere in the complaint. Indeed, Perrysburg's brief in support of its motion for summary judgment demonstrates that it had no idea that the police report was a potential basis for Desparois's due process claim, as evidenced by the fact that it makes no mention of the police report in addressing the "marshalling of evidence" claim. As a consequence, the language that was actually in the complaint did not give Perrysburg notice that it would have to defend against the claim that it did not provide a police report to Desparois, and thus cannot reasonably be understood to have encompassed such a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (defendant

-11-

entitled to be given "fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1975)).

Although Desparois's argument fails under even a liberal notice standard for pleading, the failure is more pronounced given the summary judgment context of the case. The nature of the notice requirement is more demanding at the summary judgment stage than at earlier stages of the litigation, because by this point a plaintiff has had the opportunity to conduct discovery and to amend the complaint to reflect new theories. *See Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 787-88 (6th Cir. 2005) (rejecting plaintiff's argument that she was entitled to liberal construction of her complaint to include new theory raised for first time at summary judgment stage because "[o]nce a case has progressed to the summary judgment stage . . . the liberal pleading standards under . . . [the Federal Rules] are inapplicable") (internal quotation marks omitted). Regardless of the pleading standard employed, Desparois fails to demonstrate that his first claim on appeal was encompassed within the first amended complaint.

Because Desparois's first claim cannot fairly be understood to have been asserted in the amended complaint before the district court on summary judgment, and because he concedes that his second claim was not comprehended by the amended complaint, it follows that neither claim Desparois now advances was included in the relevant complaint.

It is also the case that, by raising the claims for the first time in his opposition to summary judgment, Desparois did not properly present these claims before the district court. As the district court rightly pointed out, a plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007); *see also Tucker*, 407 F.3d at 788 ("A non-moving party plaintiff may

not raise a new legal claim for the first time in response to the opposing party's summary judgment motion. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).") (citation omitted). Accordingly, Desparois was obligated to amend the complaint to include these additional allegations.

Although Desparois claims that the request to amend contained in his summary judgment response was a sufficient motion to amend, the district court did not appear to regard it as such in its October 2009 order. In that order, the district court confined its analysis concerning the new claims to the following: (i) it pointed out that a plaintiff may not expand his claims in a summary judgment response, and (ii) it "decline[d] to consider Desparois's newly made allegations, and restrict[ed itself] to the assertions in his amended complaint." The court did not appear to consider the separate issue of whether amendment was warranted.[5]

This was not error. Where a plaintiff includes a bare request to amend in his written brief opposing summary judgment and does not make any argument regarding the particular grounds on which amendment is sought, "the district court [is] not required to construe the [plaintiff's] request in [its] brief as a motion to amend, and [it] does not err in not doing so." *Willecke v. Kozel*, 395 F.

---

[5] Perrysburg argues that the district court actually did consider the question of amendment in its October 2009 order. According to Perrysburg, when the district court "declined to consider Desparois's new theories of recovery," it was necessarily "deny[ing] [Desparois's] request for leave to amend his complaint." To support the argument, Perrysburg contends that the district court's December 2009 order granting its motion to strike or dismiss Desparois's amended complaint was based on *res judicata*. This understanding is inconsistent with the facts of this case. The district court's October 2009 order does decline to consider the new allegations; however, the only explanation the court gave was the fact that a plaintiff may not assert new theories at the summary-judgment-response stage. Further, the district court's December 2009 order does not mention *res judicata*. Although Perrysburg had argued *res judicata* as a potential basis for granting its motion, there is no indication the court adopted that reasoning.

App'x 160, 167-68 (6th Cir. 2010). In *Willecke*, this Court held that the district court did not abuse its discretion in declining to rule on the plaintiffs' "bare request to amend" made in their brief opposing summary judgment. *See id*. (citing *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). Thus, the district court committed no error in declining to view Desparois's bare request to amend as a motion to amend in conformity with Rule 15(a).

Nor did the district court err when it dismissed the second amended complaint. In its December 2009 order dismissing that pleading, the district court appeared to rely on the same grounds it had set forth in its October 2009 order by again citing the bar against raising new theories at the summary-judgment-response stage. As with the October order, the court's conclusion in its December 2009 order was proper.

To the extent the district court's order of December 2009 – in particular the statement that it "simply is way too late for plaintiff now to try to start his case all over again" – might be understood to itself be a denial of a request to amend, such denial was not an abuse of discretion. In deciding whether to grant a motion to amend pursuant to Federal Rule of Civil Procedure 15(a), a court should consider factors including: undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

Here, the factors favor denial of the motion. It is not clear why Desparois waited until his summary judgment response to attempt to add the new claims. The facts underlying the two new claims at issue on appeal were known to Desparois at the time of the complaint. Desparois did not include them then, nor did he include them in a prior amendment to the original complaint. Because

-14-

the new claims are factually distinct from the original claims, Perrysburg had no notice that it would have to defend against such allegations. Further, Perrysburg was prejudiced by Desparois's late action, because it had no opportunity to collect evidence in its defense against such claims during the discovery phase and had already filed its summary judgment motion. The district court's simple statement that it was "way too late" for plaintiff to add new allegations is fully supported by all of these considerations, which provide a reasonable basis for dismissing the second amended complaint.

## CONCLUSION

The district court's refusal to consider the merits of the claims Desparois raises on appeal was sound. The bar against asserting new theories at the summary-judgment-response stage is well established. Further, there is no error in not considering Desparois's bare request to amend. Accordingly, the district court did not err in dismissing Desparois's unauthorized claims. Because the district court's decision not to consider the merits of the instant claims was proper, we need not address the parties' arguments on the merits.

For these reasons, we **AFFIRM**.