**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0571n.06

No. 12-3384

|  |  |  |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED** *Jun 12, 2013* DEBORAH S. HUNT, Clerk |

| | |
|---|---|
| CHRISTINE HOFF-PIERRE, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE SOUTHERN |
| | ) DISTRICT OF OHIO |
| UNIVERSITY HOSPITAL, INC.; HEALTH | ) |
| ALLIANCE OF GREATER CINCINNATI, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

BEFORE: BOGGS and DONALD, Circuit Judges; STAMP, District Judge.[*]

PER CURIAM. Christine Hoff-Pierre appeals the district court's order granting in part the defendants' motion for summary judgment in this employment case. As set forth below, we affirm.

Hoff-Pierre worked as a medical-records coder at University Hospital from August 28, 2000, until her termination on March 21, 2008. Following her termination, Hoff-Pierre filed this lawsuit against University Hospital and Health Alliance of Greater Cincinnati, asserting the following claims in her amended complaint: (1) retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.; (2) race discrimination in violation of Ohio law; (3) retaliation in violation of Ohio law; (4) age discrimination in violation of Ohio law; and (5) national-origin

---

[*]The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia, sitting by designation.

discrimination in violation of Ohio law. The defendants moved for summary judgment on Hoff-Pierre's claims after discovery closed. In response to the defendants' motion, Hoff-Pierre asserted that University Hospital interfered with her FMLA rights. The district court rejected Hoff-Pierre's attempt to assert an FMLA-interference claim, holding that she "expressly elected to plead a claim of FMLA retaliation" and that "[i]t would be unfair to permit her to raise an interference claim only after discovery is complete and in response to the Hospital's summary judgment motion." In analyzing her FMLA-retaliation claim, the district court held that the law in effect at the time allowed University Hospital to count Hoff-Pierre's period of light duty toward her 12-week "job protection allowance." The district court, however, denied summary judgment as to Hoff-Pierre's FMLA-retaliation claim, concluding that there was a genuine factual dispute regarding the decision to assign her to light duty, but granted summary judgment in favor of the defendants as to her state-law claims. Hoff-Pierre's FMLA-retaliation claim proceeded to trial, and the jury returned a verdict in favor of the defendants.

In this timely appeal, Hoff-Pierre challenges the district court's summary-judgment order, contending that the district court erred in determining that she failed to plead a claim of FMLA interference and in holding that the FMLA permitted University Hospital to count her period of light duty toward the 12 weeks that her employer was required to keep her job open for her. We review de novo the district court's decision to grant summary judgment. *See Donald v. Sybra, Inc.*, 667 F.3d 757, 760 (6th Cir. 2012).

"Our court has recognized two discrete theories of recovery under the FMLA: (1) the so-called 'interference' or 'entitlement' theory arising from § 2615(a)(1), and (2) the 'retaliation' or

'discrimination' theory arising from § 2615(a)(2)." *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282 (6th Cir. 2012). A plaintiff does not waive an interference claim "where the complaint allege[s] general violations of 29 U.S.C. § 2615 that could apply both to interference and retaliation claims." *Morris v. Family Dollar Stores of Ohio, Inc.*, 320 F. App'x 330, 335 (6th Cir. 2009) (citing *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 446 (6th Cir. 2007)). But Hoff-Pierre's amended complaint did not make such general allegations. In the count expressly entitled "FMLA Retaliation," Hoff-Pierre alleged that "Defendant terminated Plaintiff because she exercised her right to FMLA leave," which is the essence of a retaliation claim, and that she suffered injuries "[a]s a direct and consequential result of Defendants' retaliation." *See Seeger*, 681 F.3d at 282. Nowhere in her amended complaint did Hoff-Pierre mention interference with her FMLA rights. The notice-pleading requirement "is more demanding at the summary judgment stage than at earlier stages of the litigation, because by this point a plaintiff has had the opportunity to conduct discovery and to amend the complaint to reflect new theories." *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 665 (6th Cir. 2012) (citing *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 787-88 (6th Cir. 2005)). The district court properly held that Hoff-Pierre failed to plead an FMLA-interference claim.

According to Hoff-Pierre, the district court's holding that University Hospital permissibly counted her period of light duty toward her 12-week job-protection allowance led to the dismissal of her FMLA-interference claim and prohibited her from presenting evidence relevant to her FMLA-retaliation claim to the jury. The version of 29 C.F.R. § 825.220(d) in effect at the time of Hoff-Pierre's employment provided that, when an employee voluntarily accepts a light-duty assignment

while recovering from a serious health condition, "the employee's right to restoration to the same or an equivalent position is available until 12 weeks have passed within the 12-month period, including all FMLA leave taken and the period of 'light duty.'" According to the Department of Labor at the time, the period of light duty counted against the employee's 12 weeks of FMLA job protection; it did not count against the employee's 12 weeks of FMLA leave. Wage & Hour Op. Ltr. FMLA-55 (Mar. 10, 1995); *see also* 73 Fed. Reg. 67,934, 67,988-89 (Nov. 17, 2008) (describing how the 2009 amendment to 29 C.F.R. § 825.220, which went into effect after Hoff-Pierre's termination, would alter the then-current rule by allowing "the employee's right to [job] restoration [to be] held in abeyance during the period of time an employee performs a light duty assignment"). The district court properly held that the law in effect at the time allowed University Hospital to count Hoff-Pierre's period of light duty toward her 12-week job-protection allowance.

In any event, the district court's holding did not lead to the dismissal of Hoff-Pierre's FMLA-interference claim. As discussed above, Hoff-Pierre did not properly plead an FMLA-interference claim. With respect to her conclusory argument that the district court's holding prohibited her from presenting evidence relevant to her FMLA-retaliation claim at trial, Hoff-Pierre waived review of any issues related to the evidence and rulings at trial by failing to provide this court with a trial transcript. *See* Fed. R. App. P. 10(b); *Hawley v. City of Cleveland*, 24 F.3d 814, 821-22 (6th Cir. 1994); *King v. Carmichael*, 268 F.2d 305, 306 (6th Cir. 1959).

For the foregoing reasons, we affirm the district court's summary judgment order.