NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0201n.06

No. 16-3320

**FILED**
Apr 05, 2017
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

VERNON L. TRASTER,

    Plaintiff-Appellant,

v.

OHIO NORTHERN UNIVERSITY,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

BEFORE:    BATCHELDER, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. This employment case arises out of several accusations of sexual harassment made against Vernon Traster, a long-time professor of law at Ohio Northern University. In the spring of 2012, university officials received complaints from two women at the university's law school—Traster's student research assistant and a library employee— alleging that he had sexually harassed them and, in the employee's case, had assaulted her. The university promptly suspended Traster without pay pursuant to the university's faculty handbook, and launched an investigation under its university-wide sexual harassment policy. After a faculty committee convened by the university found Traster in violation of that policy, his suspension was continued and, soon after, a second faculty committee recommended his termination, which the university ultimately approved.

Traster then brought this suit alleging, among other things, that the university breached his employment contract by suspending and terminating him, and that by choosing to suspend him without pay it had also discriminated against him based on his age. After granting summary judgment to the university on Traster's age discrimination claim, the district court ordered a bifurcated bench trial pursuant to Fed. R. Civ. P. 16(c)(2)(M) and 42(b), dividing the procedural questions at the core of Traster's contract claim—which set of university procedures was required by the contract—from the substantive issue of whether the correct procedure was properly employed. In the event that the court found that Ohio Northern had failed to employ the correct procedure, the court would then have moved to a "re-do" of the disciplinary proceedings. If, on the other hand, the court determined that Ohio Northern had followed the correct procedures, the court would instead allow Traster to "litigate his claim challenging [Ohio Northern's] findings" relating to his termination.

The case proceeded to a bench trial—corresponding to the first step of the bifurcation order—after which the district court issued an opinion ruling in Ohio Northern's favor on the remaining contract issues, including the substantive issue of whether sufficient evidence supported Traster's termination. Traster then sought reconsideration of that judgment, in part on the basis that he had not been given the opportunity to litigate the substantive question of whether the termination decision was proper under his contract, as had been spelled out in the court's bifurcation order. The district court reaffirmed its original rulings, and Traster now appeals.

After carefully reviewing the record and the parties' briefs, as well as the relevant law, we are convinced that the district court correctly resolved the issues presented in this case. The district court's two principal opinions—on summary judgment and on the remaining

contract claims following the bench trial—accurately and exhaustively lay out the facts and law governing the major questions raised in this appeal, and those opinions clearly articulate the court's reasons for ruling as it did. A full written opinion from this court is therefore unnecessary.

Only two further issues need be addressed specifically. First, apart from his challenge on the merits of his breach of contract claims, Traster has also objected on appeal to the way the district court handled those claims, by deciding the substantive issue of his termination before allowing him to brief and argue that issue. Thus, Traster contends, the district court's departure from its bifurcation order—a departure that the district court itself admitted—denied Traster the opportunity to litigate his substantive claim before the district court ruled on it, resulting in reversible error. But whatever error there was, being harmless, does not justify reversal. Rule 61 of the Federal Rules of Civil Procedure makes clear that an error of the kind Traster alleges would not warrant setting aside a judgment unless it "affects the substantial rights of the parties; otherwise, the error should be considered harmless." *Gandy v. Sullivan County*, 24 F.3d 861, 866 (6th Cir. 1994). There was no such prejudicial effect on Traster's rights, however, for he *was* provided the opportunity to litigate the substantive claim. It is true that that opportunity came only after the court had already ruled on the issue and then only in a motion for reconsideration. Nonetheless, in ruling on that motion the court emphasized that it had been willing to reconsider its original view of Ohio Northern's decision to terminate Traster—it had "left open the door" for Traster to show the court it had erred. Even after weighing that motion and the various exhibits attached to it, however, the court was still unmoved, having found Traster's alleged evidence of bias too "meager" to justify overturning either Ohio Northern's termination decision or the district court's original opinion upholding it. The latter opinion, as

the district court explained, was also sound under Ohio law and had adequate support in the record. Even if the court may have jumped the gun, then, in reaching the substantive issue of Traster's dismissal, that lapse ultimately did not affect Traster's ability to make his case that Ohio Northern had wrongly dismissed him. Nor, therefore, does it now justify reversal.

Traster also raises an issue that he claims was "avoided" by the district court: that because he was normally paid for nine months of work over a twelve-month period, but received pay for only seven of the nine months he actually worked before his suspension, he is now due the difference between what he received (7/12th of his salary) and what he was owed (7/9th of that salary). But the district court likely did not address that claim for the same reason that this court cannot review it now: it appears nowhere in Traster's complaint. Indeed, Traster himself was unable to locate that claim in his complaint during the telephonic hearing on Ohio Northern's summary judgment motion, and in his brief before this court he appears to admit that he raised the issue only in response to that motion. We have declined, however, to consider a claim raised for the first time in response to a motion for summary judgment, *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007), just as we have more generally refused to consider a claim not raised in a complaint, *see Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007) (citing *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). This final claim, having been raised for the first time in response to a motion for summary judgment, is therefore not properly before this court.

The judgment of the district court is accordingly affirmed.