**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0625n.06

**No. 18-3138**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| MICHELE RAFFERTY, | **FILED**<br>Dec 18, 2018<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | |
| v. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| TRUMBULL COUNTY, OHIO, et al., | |
| Defendants-Appellees. | |

---

**BEFORE:** CLAY, McKEAGUE, and BUSH, Circuit Judges.

**CLAY, Circuit Judge.** Michele Rafferty ("Rafferty") appeals the decision of the district court granting summary judgment in favor of Charles Drennen ("Drennen") on Rafferty's Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983. For the reasons stated below, this Court **AFFIRMS** the district court's judgment.

**STATEMENT OF FACTS**

**A. Factual History**

Rafferty spent six months as an inmate in the Trumbull County Jail. For two of these months, Rafferty shared a cell with Katie Sherman. During this period, corrections officer Charles Drennen was regularly assigned to patrol the pod where Rafferty and Sherman lived. On several occasions, Drennen made sexually explicit comments to Sherman in Rafferty's presence. On four or five occasions, Rafferty witnessed Sherman bear her breasts for Drennen after Drennen

demanded that Sherman do so. And on one occasion, Rafferty witnessed Sherman masturbating "for Drennen" when Drennen entered their cell, as Drennen had previously demanded. (R. 101 at PageID #606–07.) Drennen never touched Sherman.

Rafferty confronted Drennen about his conduct towards Sherman. Rafferty told Drennen that she and other inmates "just don't want to see that happen anymore." (*Id.* at PageID #631.) Rafferty also stated that she would report Drennen if he did not cease sexually harassing Sherman. In response, Drennen stated that Rafferty should not report him unless she wanted the rest of her stay in the Trumbull County Jail to be "uncomfortable." (*Id.* at PageID #632.) Drennen also told Rafferty that he had been investigated several times for improper behavior but nothing had come of the investigations. Rafferty took Drennen's response as a direct threat. She never filed a formal complaint against Drennen because she feared that Drennen and other corrections officers would know that she filed a complaint and would retaliate against her.

Drennen exclusively targeted Sherman. Drennen "never asked [Rafferty] to engage in any lewd, sexual, or inappropriate conduct." (R. 97 at PageID #487.) Nonetheless, Rafferty was deeply disturbed by Drennen's actions. Drennen's behavior exacerbated Rafferty's pre-existing anxiety, nightmares, panic attacks, and PTSD.

## B.    Procedural History

Rafferty sued Drennen and various officials from Trumbull County (together "Defendants"), alleging 42 U.S.C. §1983 claims against Drennen for violating the Fourth and Eighth Amendments and *Monell* claims against the Trumbull County defendants. Defendants moved for summary judgment. The district court granted summary judgment with respect to all claims asserted by Rafferty.[1] On appeal, Rafferty only challenges the district court's granting

---

[1] Sherman also sued the Defendants, and they moved for summary judgment against Sherman. The district court granted summary judgment in favor of Defendants on all of Sherman's

summary judgment on her Eighth Amendment claim against Drennen and her related *Monell* claim

against Trumbull County based on Drennen's alleged Eighth Amendment violation.

In its summary judgment opinion, the district court explained that Rafferty could not, as a

matter of law, prevail on her Eighth Amendment claim. The district court explained that Rafferty

lacked standing to assert an Eighth Amendment challenge based on watching Sherman masturbate

and expose herself, "especially when Rafferty has admitted that she was not forced to watch these

interactions." (R. 117 at PageID #900.) The district court also explained that Drennen did not

violate the Eighth Amendment by threatening Rafferty when she complained about his conduct

because verbal threats do not generally violate the Eighth Amendment. Rafferty does not challenge

either of these findings on appeal. Instead, she asserts that the district court erred by "ignoring"

her argument that Drennen violated the Eighth Amendment by creating a "sexually hostile

environment." (Pl. Br. at 13.) Rafferty acknowledges that she first raised this argument in her

response to Defendants' motion for summary judgment.

## DISCUSSION

### Jurisdiction

As a preliminary matter, the Court observes that Rafferty identified the wrong jurisdictional

basis for her appeal. In Rafferty's jurisdictional statement, she invokes 28 U.S.C. § 1292 as the

basis of this Court's jurisdiction. But, as Drennen points out, § 1292 does not apply here for two

reasons. First, § 1292 requires that the district court state in writing that the order being appealed

"involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate

---

claims, except it denied Drennen's motion for summary judgment with respect to Sherman's Eighth Amendment claim. Drennen appeals the district court's denial of his motion for summary judgment. The Court addresses Drennen's appeal in a separate opinion.

termination of the litigation . . . ." § 1292(b). The district court's order does not contain any such statement. Second, an appellant seeking to appeal under § 1292 must file an application within ten days after entry of the district court's order. § 1292(b). Here, Rafferty filed her appeal thirty days after the district court entered its order. Accordingly, § 1292 is not the basis for this Court's jurisdiction.

Drennen argues that this Court lacks any jurisdiction over Rafferty's appeal. But, contrary to Drennen's argument, this Court has jurisdiction because the district court certified the order which Rafferty appeals under Federal Rule of Civil Procedure 54(b).

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "'[C]ertification under Rule 54(b) is a two-step process,' and we review each step under a different standard." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App'x 489, 494 (6th Cir. 2016) (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)). The first step is for the district court to direct "entry of final judgment as to one or more but fewer than all of the claims or parties . . . ." *Gavitt v. Born*, 835 F.3d 623, 638 (6th Cir. 2016). This Court reviews this step *de novo*. *Id.* (citation omitted). The second step is for the district court to determine "that there is no just reason for delay." *Id.* This Court reviews the second step for abuse of discretion. *Id.* (citation omitted).

The district court satisfied the requirements for certification under Rule 54(b). The district court expressly stated that it had entered a final judgment on one, but fewer than all, of the claims in the case. Further, the district court weighed the appropriate factors that this Court articulated in *U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) and found that no just reason for

delay exists. There is no basis in the record for this Court to conclude that the district court abused its discretion in determining that there was no just reason for delay. Accordingly, this Court has jurisdiction over Rafferty's appeal. *See Inhalation Plastics*, 638 F. App'x at 497.

**Standard of Review**

"This Court reviews a district court's grant of summary judgment de novo." *Maben v. Thelen*, 887 F.3d 252, 258 (6th Cir. 2018) (citing *Gillis v. Miller*, 845 F.3d 677, 683 (6th Cir. 2017)).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002)). When evaluating a motion for summary judgment, the court must "view[] [the evidence] in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Further, "all reasonable inferences must be made in favor of the non-moving party." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (citing *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000)). The moving party bears the burden of showing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

**Analysis**

The district court did not err by failing to consider Rafferty's "sexually-hostile environment" claim because Rafferty did not raise this claim until her response to Defendants'

motion for summary judgment. But even if the Court considered the substance of Rafferty's appeal, the Court would affirm the district court.

## A. Relevant Legal Principles

A party may not raise a new claim for the first time in a response to a motion for summary judgment. *See, e.g.*, *West v. Wayne Cty.*, 672 F. App'x 535, 541 (6th Cir. 2016) ("Our precedent bars [a plaintiff] from 'rais[ing] a new legal claim for the first time in response to the opposing party's summary judgment motion . . . .'" (quoting *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005))); *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent [the plaintiff] seeks to expand [her] claims to assert new theories, [she] may not do so in response to summary judgment or on appeal.") (citations omitted); *Powell-Lee v. HCR Manor Care*, 231 F. App'x 438, 440 (6th Cir. 2007) (citing *Tucker, 407 F.3d at 788*) (rejecting plaintiff's attempt "to amend her complaint via argument in opposition to the motion for summary judgment"); *see also Traster v. Ohio N. Univ.*, 685 F. App'x 405, 407 (6th Cir. 2017).

A district court does not err by failing to consider a claim that a plaintiff does not raise until her response to a motion for summary judgment. *Tucker*, 407 F.3d at 789; *see also Traster*, 685 F. App'x at 407; *Powell-Lee*, 231 F. App'x at 440. And this Court "cannot consider" such a claim on appeal. *West*, 672 F. App'x at 541; *see Traster*, 685 F. App'x at 407 (holding that claims not raised until a brief in opposition to a motion for summary judgment are "not properly before this court"). As this Court recently explained, allowing a plaintiff to raise new theories in response to a motion for summary judgment would "den[y] a defendant sufficient notice of what claims to investigate." *West*, 672 F. App'x at 541 (citing *Tucker*, 407 F.3d at 788). Moreover, by the summary judgment stage, "plaintiff has conducted discovery and has had the opportunity to amend the complaint and

raise additional theories." *Id.* (citing *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 665 (6th Cir. 2012)).

**B.      Application to the Matter at Hand**

The district court did not err by failing to consider Rafferty's Eighth Amendment "sexually-hostile environment" claim. The Amended Complaint does not contain the words "hostile" or "environment" or give any other indication that Rafferty asserted a "sexually-hostile environment" claim. In fact, Rafferty admits that she did not raise this claim until her response to Defendants' motion for summary judgment. Because Rafferty did not raise her claim until this late juncture, the district court did not err by failing to consider it. *Tucker*, 407 F.3d at 789; *see also Traster*, 685 F. App'x at 407; *Powell-Lee*, 231 F. App'x at 440. Moreover, this Court cannot consider the claim on appeal. *West*, 672 F. App'x at 541; *see Traster*, 685 F. App'x at 407.

*West* is instructive. In that case, the complaint alleged that a defendant violated the plaintiff's "First Amendment rights to Free Speech and Freedom of Political Association." 672 F. App'x at 541. But the complaint only alleged facts relating to the free speech claim. *Id.* In response to defendants' motion for summary judgment, the plaintiff abandoned his free speech claim and exclusively argued that the defendant violated his right to political association. *Id.* This Court held that it could not consider the political association claim because the plaintiff failed to give defendants adequate notice of the claim. *Id.* This Court explained that plaintiff should have amended his complaint to properly notify defendants about the nature of his claim prior to summary judgment. *Id.*

Like the plaintiff in *West*, Rafferty invoked a constitutional amendment in her Amended Complaint—here, the Eighth Amendment. And like the plaintiff in *West*, Rafferty responded to a motion for summary judgment by advancing a novel theory under the relevant constitutional

provision—her "sexually-hostile environment" theory. Accordingly, like the plaintiff in *West*, Rafferty failed to provide adequate notice of her claim.[2] Therefore, the district court did not err by not considering this claim, *Tucker*, 407 F.3d at 789; *see also Traster*, 685 F. App'x at 407; *Powell-Lee*, 231 F. App'x at 440, and this Court cannot consider the claim on appeal. *West*, 672 F. App'x at 541; *see Traster*, 685 F. App'x at 407.

But even if this Court reached the merits it would still affirm the district court. Rafferty does not cite any authority for the proposition that a "sexually-hostile environment" claim exists under the Eighth Amendment, and the Court is aware of no such authority. Rafferty cites two cases that recognize that prison guards can bring "hostile work environment" claims when they are subject to sexual misconduct at the hands of inmates. *See Freitag v. Ayers*, 468 F.3d 528 (9th Cir. 2006); *Beckford v. Dep't of Corr.*, 605 F.3d 951 (11th Cir. 2010). But these cases deal with Title VII, not the Eighth Amendment. *See Freitag*, 468 F.3d at 532; *Beckford*, 605 F.3d at 953. Rafferty cannot state a Title VII claim as a matter of law because she was an inmate, not an employee. *See generally Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008) (quoting *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000) ("A violation of Title VII is established if 'discrimination based on sex has created a hostile or abusive *work environment*.'") (emphasis added)); 42 U.S.C. § 2000e-2 (prohibiting unlawful employment practices).

Rafferty's counsel acknowledged at oral argument that Rafferty's Eighth Amendment "sexually-hostile environment" claim lacks any foundation in existing case law. Nonetheless, Rafferty argues that this Court should expand the purview of the Eighth Amendment to give prisoners a right to be free from a "sexually hostile environment" because prisoners cannot sue

---

[2] In fact, the plaintiff in *West* probably provided *more notice* than Rafferty because he at least referenced a "political association" claim in his complaint. By contrast, Rafferty never mentioned a "sexually-hostile environment" claim in her Amended Complaint. In fact, her Amended Complaint does not even contain the words "hostile" or "environment."

under Title VII. (Pl. Br. at 13–15.) But Rafferty fails to adequately explain why Title VII—which, by its own terms, applies only to employment relationships—applies to prisoners. The Court accordingly declines Rafferty's invitation to recognize an Eighth Amendment "sexually-hostile environment" claim based on her dubious analogy to Title VII.

Because Rafferty failed to present evidence sufficient for a reasonable juror to conclude that Drennen violated the Eighth Amendment, her *Monell* claim against Trumbull County also fails. *See, e.g.*, *Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015) (citing *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007)).

## CONCLUSION

The district court did not err by failing to consider Rafferty's "sexually-hostile environment" claim because Rafferty did not raise this claim until her response to Defendants' motion for summary judgment. Additionally, Rafferty's claim fails on the merits. Therefore, the Court **AFFIRMS** the judgment of the district court.