<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 19a0174n.06

Case No. 18-5011

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 03, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JOHN SCHICKEL, in his Personal and Official Capacities; DAVID WATSON; KEN MOELLMAN, JR. | ) ) ) | |
|  | ) | ON APPEAL FROM THE UNITED |
| Plaintiffs-Appellees, | ) | STATES DISTRICT COURT FOR |
|  | ) | THE EASTERN DISTRICT OF |
| v. | ) | KENTUCKY |
|  | ) | |
| CRAIG C. DILGER, in his Official Capacity as Chair and Member, Kentucky Registry of Election Finance; TERRY NAYDAN; REID HAIRE; ROBERT D. MATTINGLY; CHASTITY ROSS; THOMAS P. O'BRIEN, III; ELIZABETH G. WEBER, in their official capacities as Registry Members; JOHN R. STEFFEN, in his official capacity as Executive Director of the Registry | ) ) ) ) ) ) ) ) ) ) | |
|  | ) | |
| Defendants-Appellants. | ) | |

BEFORE: MERRITT, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. A 2016 candidate for the Kentucky House of Representatives, Libertarian David Watson, challenged the constitutionality of campaign finance laws enforced by the Kentucky Registry of Election Finance (KREF) on the basis that the rules discriminate against minor party candidates. The district court agreed and struck down the law. Since then, a legislative

amendment remedied this constitutional error. We therefore AFFIRM the district court's judgment and DISMISS this appeal as moot.

**I.**

Watson sued the members and directors of KREF, the agency charged with enforcing Kentucky's campaign finance regulations. Watson challenged two laws: (1) an operative statute, K.R.S. § 121.150(11)(c), capping at $5,000 an individual annual contribution to a "caucus campaign committee"; and (2) a definitional provision, K.R.S. § 121.015(3)(b), creating those committees for House and Senate Democrats and Republicans. Alleging First and Fourteenth Amendment violations, Watson complained that the operative statute unconstitutionally discriminates against him as a Libertarian candidate. His complaint stated:

> Furthermore, the creation of the "caucus campaign committees," under Kentucky law, coupled with their privileged status under Kentucky law with heightened donation limits under [the operative statute,] K.R.S. 121.150(11), is a facially based viewpoint discrimination, and therefore unconstitutional.

R. 1, PageID 20.

The district court agreed that the definitional provision excluding minor parties could not survive scrutiny under the Equal Protection Clause, granting Watson summary judgment and permanently enjoining enforcement of the provision. The court reasoned that "by defining 'caucus campaign committee' to include only Democratic and Republican caucus campaign committees, the [definitional provision] statute prevents any other caucus campaign committees from enjoying the higher contribution limits found in" the operative statute. But the court upheld the operative statute, because "taken alone on its face . . . the subsection does not preclude the creation of a minor party caucus campaign committee."

KREF moved the court to alter or amend its judgment, challenging the court's decision to invalidate the definitional provision. In its reply brief, however, KREF also argued that Watson

never actually challenged the definitional provision in his complaint. The district court denied the motion, rejecting both of KREF's arguments. This appeal followed.

## II.

KREF argues that the district court erred by granting summary judgment to Watson on a claim he never alleged. And even if he had, KREF disputes the conclusion that the definitional provision violates the Equal Protection Clause. We review a district court's decision to grant summary judgment de novo. *Pagan v. Fruchey*, 492 F.3d 766, 770 (6th Cir. 2007) (en banc).

## A.

KREF asserts that Watson's complaint challenged the operative statute—not the definitional one—as unconstitutional. For that reason, KREF calls the district court's decision invalidating the definitional provision an unfair surprise and a denial of due process.

District courts may grant summary judgment on the claims that the complaint can be reasonably understood to encompass. *See Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 665 (6th Cir. 2012). Watson specifically complained that "the creation of the 'caucus campaign committees,' under Kentucky law,"—i.e., the definitional provision's creation of exactly four committees, *see* R. 1, PageID 12—"coupled with their privileged status under Kentucky law with heightened donation limits under K.R.S. 121.150(11), is a facially based viewpoint discrimination, and therefore unconstitutional." R. 1, PageID 20. And as the district court noted, Watson supported that contention in moving for summary judgment and injunctive relief. Plus, KREF addressed this claim in its response. As the record demonstrates, and the district court held, Watson's complaint put KREF on notice of his challenge to the definitional provision's constitutionality. The court accorded KREF due process.

We also note that KREF failed to present its notice argument to the district court, forfeiting the issue for appellate review. KREF cross-moved for summary judgment, and later moved the court to reconsider its order, without mentioning inadequate notice or unfair surprise. In fact, KREF argued inadequate notice for the first time in a reply brief supporting its motion to alter or amend the court's judgment. That's too late. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552–53 (6th Cir. 2008) (holding issues not preserved for appeal "when they are raised for the first time in motions requesting reconsideration or in replies to responses").

**B.**

KREF next challenges the court's decision to invalidate on equal protection grounds the definitional provision. At the time of the district court's decision, the definitional provision established just four caucus campaign committees: two for House and Senate Democrats and two for House and Senate Republicans. But during the pendency of this appeal, the 2018 Kentucky General Assembly amended the definition to include:

> Subdivisions of the state executive committee of a minor political party, which serve the same function as the above-named committees, as determined by regulations promulgated by the registry.

Ky. Rev. Stat. Ann. § 121.015(3)(b) (effective Feb. 20, 2018).

"Legislative action ordinarily moots a case midstream, when a challenged provision is repealed or amended during the pendency of the litigation" and ends the controversy between two parties. *Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017). Watson and KREF's dispute remains live only if the definition enacted in 2018 "'operates in the same fundamental way' as the old statute" invalidated by the district court. *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 823 (6th Cir. 2012) (citation omitted).

The new statute does not operate in the same fundamental way as the old. Unamended, the definitional provision excluded committees affiliated with the Libertarians or political groups other than the Republicans and Democrats. Now, the definitional provision provides for just that. The Kentucky General Assembly enacted a revised statute permitting minor political parties, including Watson's, to organize and establish a caucus campaign committee and thereby extinguished the controversy over the former definition presented to the district court.

Watson argues that this suit is not moot because the Libertarians can form a caucus campaign committee only after the promulgation of regulations as articulated in the amended version of K.R.S. § 121.015(3)(b)(5). The amended statute permits the Libertarians to form a caucus campaign committee only as "[s]ubdivisions of the state executive committee of a minor political party, which serve the same function as the above-named committees, *as determined by regulations promulgated by the registry*." K.R.S. § 121.015(3)(b)(5) (emphasis added). But KREF itself is "the registry." *See* K.R.S. § 121.015(1). And KREF has conceded that the Libertarians may form a caucus campaign committee now, having already achieved minor political party status. Thus, the amended statute does not operate in the same fundamental way as the prior statute and KREF's appeal from the court's order invalidating the former definition is moot.

### III.

We AFFIRM the district court's judgment invalidating the former definitional provision as in accord with due process and DISMISS KREF's appeal challenging the court's constitutional finding as moot.